IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lester Dobbey (R-16237), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 3762 |
| v. | ) | |
| | ) | Hon. Jeffrey Cole |
| Xavier L. Taylor, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Compel directed at Defendant Taylor [46] is denied in part and grants in part. By April 10, 2023, Defendant Taylor must produce to Plaintiff responsive documents as detailed in the Statement section below. Plaintiff's Motion to Compel directed at the Illinois Department of Corrections [51] is denied. No further extension of fact discovery will be granted, unless necessary to complete production of the documents ordered below. The video status conference set for 4/3/23 at 10:30 a.m. stands. Instructions will be emailed to counsel. Members of the public and media will be able to call in to listen to this hearing. Please call (650) 479‒3207, access code 1807229989#. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting of court proceedings. Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**STATEMENT**

Illinois prisoner Lester Dobbey initiated this lawsuit after an internal affairs officer at the Stateville Correctional Center, Xavier Taylor, filed a disciplinary report accusing Dobbey of refusing to answer questions during an interview on June 18, 2019. The charges were expunged and, about one month later, Dobbey was transferred out of Stateville. Dobbey contends that the disciplinary report was bogus from the start and that Taylor created the report because Dobbey had identified Taylor as a gang member.

*Background*

Dobbey's account of the events leading up to the disciplinary report are set forth in his Complaint. *See* Dkt. 8. He alleges that he spoke to case worker, Graves, on June 17, 2019, about "staff misconduct, where certain officers . . . were knowingly committing unlawful acts in the furtherance of gang-related activities." *Id.*, pg. 2. He also alleged that he identified Defendant Taylor "as being a potential cohort to []officers" that disseminated information to other prisoners about Dobbey's gang affiliation; specifically, that Dobbey had renounced his gang affiliation and was a snitch. *Id.*, pg. 3. Graves purportedly filed an incident report that "included complaints of []Taylor [] being a gang member[.]" *Id.*

The next day Dobbey was summoned to Stateville's Internal Affairs Unit, where he was interviewed by Taylor. *Id.*, pg. 3-4. Dobbey did not detail the interview in the body of his Complaint, but an attachment to the Complaint reflects that Taylor allegedly asked Dobbey (1) whether he spoke with Graves, (2) what Dobbey said to Graves, and (3) whether Dobbey wrote a grievance or a letter. *Id.*, pg. 26-30. Taylor also mentioned that Graves "wrote something down." *Id.* Dobbey interpreted Taylor's conduct "as a method in an attempt to convince Mr. Dobbey to be silent." *Id.*, pg. 4.

2

Taylor issued Dobbey a ticket on or about June 19, 2019, for impeding or interfering with an investigation. *Id.*, pg. 4, 40. Dobbey contends that Taylor wrote the ticket in retaliation for Dobbey identifying him as a gang member. *See id.*

### *Dobbey's Motions to Compel*

Dobbey served a request for production of documents on Defendant Taylor and a third-party subpoena on the Illinois Department of Corrections (IDOC), but he is dissatisfied with their responses. Taylor produced more than 500 pages of documents in response to Dobbey's request. *See* Dkt. 46, pg. 44 (Aug. 2, 2022 letter from AAG Fugere to Dobbey enclosing Documents Bates Stamped IDOC_000001 to IDOC000515). Taylor, however, objected to many of the production requests on the grounds that they are overly broad, seek material that is not relevant to any claim or defense in this litigation, and are not proportional to the needs of the case. Dkt. 46, pg. 24-30. IDOC invoked similar objections. Dkt. 51, pg. 21-22. Both Taylor and IDOC acknowledge, however, that other responsive documents may exist. *See* Dkt. 46, pg. 24-30; Dkt. 51, pg. 21-22.

Dobbey broadly expresses in his motions to compel that he wants to obtain documents from Taylor and IDOC concerning investigations about himself and the reasons for his transfer from Stateville. *See* Dkt. 46, 51. In particular, he sought to compel production of the following documents from Taylor:

> Any and all emails, meta data, faxes, text, memorandums, meeting minutes, reports, regarding Plaintiff Lester Dobbey #R16237 between IDOC external investigations and Defendant Xavier Taylor from the year 2019 to present[.]

Dkt. 46, pg. 2-3. Dobbey also sought to compel production of a wide range of additional documents, including but not limited to his master file; Taylor's personnel file; information

3

about "IDOC-Security Threat Group[s]," "IDOC-Employee Criminal Misconduct," and "IDOC-Correctional Intelligence Administrative Directives"; and his transfer records. *Id.*, pg. 3, 6-13.

From IDOC, Dobbey requested his transfer records and investigation files concerning himself. *See* Dkt. 51, pg. 2, 13, 17. Dobbey asserted in his motion that "external investigation case file #65172, and any other external investigation case file, regarding Plaintiff from the year 2019 to present stems from Plaintiff's complaint against various IDOC officers, including but not limited to Defendant Taylor, being gang members[.]" *Id.*, pg. 5. It is unclear, however, why Dobbey would know the content of the prison's internal or external investigation files given his status as a prisoner.

On March 9, 2023, the court held a hearing on Dobbey's motions to compel. The court sought clarification of three issues: (1) what documents Dobbey had received to date; (2) what documents he thought were missing from the documents he had already received; and (3) how the missing documents are relevant to his retaliation claim. The first question remains unanswered.

In response to the second question, Dobbey identified several categories of documents that he says he requested but did not receive:

1. "Investigation file[s]," including
   a. the "investigation file" that purportedly triggered the June 18, 2019 interview;
   b. external investigation file #65172, along with all communications concerning the file; and
   c. "all documents" related to the "investigation."

2. Communications between prison personnel, including
   a. communications between Taylor and Deputy Commander Michael Magana; and
   b. "emails etc." that relate to staff misconduct related to Taylor and "other staff."

    3.    Documents specific to the June 18, 2019 interview, including
        a.    the incident report "of Dobbey complaining about Taylor to Clinical Service Supervisor"; and
        b.    the statement Dobbey made to Taylor.

    4.    Dobbey's transfer records.

Dobbey then claimed that the investigatory files will "answer the question why Taylor retaliated." He wants his transfer records because, in his opinion, the "retaliation continued" after the charges were expunged.

    Defendant Taylor stood on his objections. IDOC did not respond to Dobbey's motion to compel and was not represented at the hearing. The court "notes", however, that Taylor's counsel responded to the third-party subpoena on IDOC's behalf. *See* Dkt. 51, pg. 21-22.

## Discussion

    When ruling on a discovery issue, the Court's role is to keep the parties within the following bounds:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). On a motion to compel, the movant must initially establish that the discovery at issue is relevant to his claim. *Bell v. Pension Comm. of ATH Holding Co., LLC* 330 F.R.D. 517, 520 (S.D. Ind. Jun. 14, 2018). If that occurs, the burden then shifts to the objecting party to establish that the discovery request is irrelevant or otherwise improper. *Id.*

5

A.

**Production Requests to Defendant Taylor**

This lawsuit concerns a single claim that Taylor retaliated against Dobbey by writing a false ticket that resulted in Dobbey's transfer out of Stateville. *See* Dkt. 7, 8. To establish a prima facie case of retaliation, Dobbey must be able to prove that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter protected activity in the future; and (3) the protected activity was at least a motivating factor in the defendant's decision to retaliate. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020). To this end, Dobbey would like to obtain documents showing that Taylor knew, before he wrote the June 19, 2019 disciplinary ticket that Dobbey had identified him as a gang member.

Dobbey's production requests to Defendant Taylor sought 25 different categories of documents, set forth with various degrees of specificity. *See* Dkt. 46, pg. 6-13. Nearly all the requests, however, are overly broad insofar as Dobbey seeks documents for a greater period of time than necessary to establish Taylor's alleged motive for initiating disciplinary proceedings against him. For example, given the nature of the claim in this case, the court can discern no scenario where Dobbey is entitled to all records of any type "from the year 2019 to present."

Many of the items Dobbey attempted to identify at the hearing also are overly broad and I discern no reason that Dobbey needs entire investigation files to establish why, on a single occasion, Taylor purportedly wrote him a bogus ticket. Put another way, Dobbey did not establish that the prison's complete files for any investigation into himself or "staff misconduct" are relevant or proportional to his retaliation claim. Similarly, he did not establish that *all* communications about alleged staff misconduct, complaints he made about alleged staff misconduct, or emails about alleged staff misconduct related to Taylor or "other staff" are

relevant to his retaliation claim. The court therefore sustains Taylor's objections to Dobbey's requests for "[a]ny and all external investigation case files, records, documents, e-mails, faxes, meeting-minutes, letters, "notes", papers, recordings, regarding inmate: Lester Dobbey, #R16237, from the year 2019 to present, as well as external case file #65172" and similarly expansive requests. Also, by any standard, the Motion violates the requirement of proportionality.

That leaves Dobbey's requests, at the hearing, for specific documents. Only one category of documents identified at the hearing are arguably within the scope of his production requests: documents specific to the June 18, 2019 interview. Liberally construed, Dobbey asks Taylor to produce communications between case worker Graves and Taylor; the incident report Graves purportedly prepared after talking with Dobbey on June 17, 2019; and Taylor's notes from the June 18, 2019 interview. *See* Dkt. 46, pg. 8-12 (Request Nos. 9, 17, 24). Dobbey arguably is entitled to some of the documents he seeks because they are relevant in that they might reveal what Taylor knew at the time of the June 18, 2019 interview. That said, Dobbey's written production requests to Taylor are not sufficiently tailored to the needs of the case. The court therefore grants Dobbey's motion to compel in part, but narrows the scope of the requests, below.

Dobbey's remaining production requests largely seek communications between Taylor and individuals who were not mentioned at the hearing and whose relationship to this litigation is unclear. There are at least ten such requests. *See id.*, pg. 6-13. Notably missing is a request for communications between Taylor and Deputy Commander Magana, which Dobbey expressly mentioned during the hearing. *See id*. Thus, any contention that Taylor improperly withheld communications with Magana is not properly the subject of a motion to compel.

7

Dobbey also did not establish that his transfer records are relevant to his claim – the *sine qua non* of any discovery request. The retaliatory conduct claimed in this case is the disciplinary ticket that purportedly lacked a basis in fact. Even if the court assumes for present purposes that Dobbey's transfer from Stateville came in the wake of the disciplinary proceedings initiated by Taylor, there is no indication that the transfer was retaliatory. *See Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020) ("Suspicious timing alone will rarely be sufficient to" establish a retaliation claim). There also is no indication that the only defendant to his lawsuit—Internal Affairs Officer Taylor—had any ability to transfer Dobbey. Consequently, Dobbey is not entitled to his transfer files or documents related to his prison transfers.

## B.

## Third-Party Subpoena to IDOC

Plaintiff's subpoenas to IDOC requested two sets of documents that Dobbey described as follows:

> Any and all, external investigation case files, records, documents, emails, faxes, meeting-minutes, letters, "notes", papers, recordings, regarding IDOC inmate Lester Dobbey #R61237 from the year 2019 to present, as well as external case file #65172.

\* \* \*

> Any and all, transfer; rationales, e-mails, faxes, meeting-minutes, "notes", letters, request, records, documents, papers, or recordings regarding IDOC inmate Lester Dobbey #R16237, from year 2019 to present.

Dkt. 51, pg. 13, 17. IDOC objected to the requests as overly broad, immaterial, and not proportional to the needs of this case. *See id.*, pg. 21-22.

The court sustains IDOC's objections. As discussed above, Dobbey did not establish that the prison's complete files for any investigation into himself or "external case file #65172" are relevant to his retaliation claim. He also did not establish that *all* communications about prison investigations into himself are relevant to his retaliation claim, nor did he establish that his transfer records are relevant to his claim. His requests for *entire* investigatory files and *all* communications are vague and far too broad under the Federal Rules of Civil Procedure and for the needs of this case. In effect, Mr. Dobbey's concept of relevancy is limitless – at least where he is the party seeking information – and under the Federal Rules of Civil Procedure is at odds with the consistently recognized principle that relevancy is not limitless.

## Conclusion

In sum, the court denies in part and grants in part Dobbey's motion to compel directed to Defendant Taylor. [46]. Taylor must produce to Dobbey:

1. Any written or electronically stored communications—including but not limited to memoranda, notes, emails, text messages, reports, incident reports, grievances, or faxes—prepared by case worker Graves memorializing Dobbey's conversation with him on June 17, 2019; and

2. Any recording of the statement made by Dobbey to Taylor prior to, during or after the June 18, 2019 interview, including but not limited to written "notes", video or audio recordings, summaries, emails, memorandum, "notes", emails, text messages, or faxes.

Mr. Dobby is an experienced litigant in the federal courts he is an experienced litigant who, as a result, is, or should be, familiar with federal discovery principles. His insistence that he is entitled to a virtually unlimited range of materials is not persuasive. Being a *pro se* litigant does not entitle one to insist that the rules be relaxed. *Pro se* litigants operate under the same rules as those represented by counsel. *See* cases collected in *Moore v. Pipefitters Association Local Union 597, U.A.*, 306 F.R.D. 187, 195 (N.D.Ill. 2014).

Mr. Dobbey's motion to compel production of documents [46] beyond those identified above is denied. Mr. Dobbey's motion to compel IDOC to comply with the third-party subpoena [51] is also denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 3/20/23