IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lester Dobbey (R-16237), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 3762 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| Xavier L. Taylor, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Reconsider [Dkt. #65] the March 20, 2023 Memorandum Opinion and Order [Dkt. #61] granting in part and denying in part his motion to compel discovery from Defendant Taylor and the Illinois Department of Corrections is denied. Discovery, it bears repeating, is closed. By May 22, 2023, Defendant Taylor must comply with the March 20, 2023 Order, as set forth in the Order and discussed at the April 26, 2023 status hearing.

**STATEMENT**

Illinois prisoner Lester Dobbey initiated this lawsuit after an internal affairs officer at the Stateville Correctional Center, Xavier Taylor, filed a disciplinary report accusing Dobbey of refusing to answer questions during an interview on June 18, 2019. The charges were expunged, and this lawsuit followed. Dobbey alleged in pertinent part that Taylor fabricated the disciplinary report in retaliation for Dobbey identifying Taylor as a gang member.

This Court's March 20, 2023 Memorandum Opinion and Order detailed the proceedings surrounding Dobbey's motion to compel Taylor's and the Illinois Department of Corrections' compliance with his written discovery requests, *see* Dkt. 61, so the Court will not repeat them here except to say that Dobbey won in part. Yet, he is dissatisfied. He asks the Court to

reconsider its ruling and "compel Defendant Taylor and IDOC to produce the following:

- A.) Any and all written or electronically stored communications—including, but not limited to, memoranda, notes, emails, text messages, faxes, reports, summaries, letters, between Def. Taylor and Deputy Commander Mike Magana regarding Plaintiff [sic] complaints to Supervisor Graves and Interviews by Defendant between May 2019 thru Defendant's last communication with Magana regarding Plaintiff;
- B.) External case file #65172; and,
- C.) Plaintiff's transfer records from August 2019 thru present, including all memorandum, notes, emails, text messages, faxes, reports, incident reports, summaries, letters, providing rationale for transfers of Plaintiff.

Dkt. 65, pg. 6.1

Unfortunately and inexplicably the defendant did not bother to respond to the motion even though they had until April 28, 2023 to respond. [66].

Federal Rule of Civil Procedure 54(b) provides that any order that does not adjudicate all the claims against all the parties may be revised at any time before the entry of judgment. A judge's ability to reconsider a prior ruling in the same litigation, however, is constrained by the law of the case doctrine, "which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-572 (7th Cir. 2006). Motions for reconsideration are "not for addressing arguments that a party should have raised earlier." *Solis v. Current Dev. Corp.*, 557 F.3d 772, 780 (7th Cir. 2009). They are, to put it bluntly, disfavored. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th

---

1 The document submitted by Plaintiff is titled "Motion to Alter or Amend Judgment" and references Federal Rule of Civil Procedure 59(e). Dkt. 65. Judgment in this case has not been entered, and the motion unambiguously asks this Court to amend its order granting in part and denying in part Dobbey's motion to compel. *Id.*, pg. 1. The Court therefore construes the motion as a motion for reconsideration of an interlocutory order. *See, e.g., Mintz v. Caterpillar, Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (instructing district court to treat motion to vacate received before entry of final judgment as motion for reconsideration of an interlocutory order, regardless of the label affixed to the motion).

2

Cir.1990); Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d ed.2002).

In his motion for reconsideration, Dobbey explains why he believes communications between Defendant Taylor and Commander Magana, external investigation file #65172, and his transfer records are relevant to this case. He opens by addressing the Court's observation that it is "unclear why [he] would know the contents of" external investigation file #65172. Dkt. 65, pg. 2. He explains that, sometime in the past, he complained about "Stateville C.C.'s Internal Affair Unit, which Defendant Taylor was part of in 2019"; he was interviewed by "External IDOC Investigators"; and he received a letter from Warden Pfister advising him of the file number. *Id.* Dobbey then asserts that external investigation file #65172 "should have statements that are relevant to [his] claims in this case" as well as "relevant communications" between Taylor and "External IDOC Investigators[.]" *Id.*, pg. 2-3. He also cites Taylor's interrogatory answers and contends that the June 18, 2019 interview that preceded the disciplinary ticket underlying this litigation was "ordered by IDOC External Investigators Commander Mike Magana[.]" *Id.*, pg. 3 (citing Dkt. 46, pg. 16 ¶¶ 5-6, 13). Thus, Dobbey concludes, the requested documents "will lead to other admissible evidence, witnesses, and/or impeaching evidence." *Id.*, pg. 4.

Dobbey's clarification does not compel reconsideration of the March 20, 2023 Memorandum Opinion and Order for several reasons. First, the information in Dobbey's motion is not new. He had two opportunities to convey his position to this Court, *i.e.*, in his motion to compel and at the hearing on his motion to compel. The information conveyed in his motion for reconsideration was available at those times. Reconsideration could be denied on this basis

alone. *See Solis*, 557 F.3d at 780 (explaining that litigants are not entitled to a second or third "bite at the apple," even if the decision under consideration is interlocutory).

Second, Dobbey would like to obtain communications between Defendant Taylor and Deputy Commander Magana that he did not explicitly request using the tools of discovery. *See* Dkt. 46, pg. 6-13 (Dobbey's first request for document production); Dkt. 51, pg. 13, 17 (third-party subpoenas). He tried to correct his omission in his motion to compel by pointing to a broader request for communications between "IDOC External Investigations" and Taylor, *see* Dkt. 46, pg. 2-3, and continues down the same path in his motion for reconsideration by asserting that Magana was IDOC's "External Investigation Commander" and implying that external investigation file #65172 "should . . . contain relevant communications" between Taylor and Magana. Dkt. 65, pg. 3. But the material cited by Dobbey in support of his assertions does not link Magana to IDOC's "external investigations" unit or file #65172. The material shows only that Magana was the Deputy Commander of an unspecified unit who had the authority to order Taylor—an *internal affairs* officer—to conduct the June 18, 2019 interview that preceded the purportedly fabricated disciplinary ticket. *See* Dkt. 65, pg. 3 (citing Dkt. 46, pg. 16 ¶¶ 5-6, 13). Thus, Dobbey cannot back-door a request for communications between Taylor and Magana in this way.

Third, Dobbey did not establish that external investigation file #65172 or his transfer file are relevant to his claim. As the Court previously explained – and as every case ever considering the issue has unanimously held – when bringing a motion to compel, the movant must establish that the discovery at issue is relevant to his claim. Dkt. 61, pg. 5 (citing *Bell v. Pension Comm. of ATH Holding Co., LLC*, 330 F.R.D. 517, 520 (S.D. Ind. Jun. 14, 2018). The burden shifts to the objecting party only if the movant satisfies his burden. *Id.* The request also

4

must be proportional to the needs of the case, which "requires a common sense and experiential assessment." *Arsberry v. Wexford Health Sources, Inc.*, No. 17-cv-50044, 2021 WL 5232733, at *2 (N.D. Ill. Nov. 10, 2021) (internal quotation marks and citations omitted). "The key is careful and realistic assessment of actual need that may require the active involvement of the federal judge to guide decisions respecting the scope of discovery." *Id.* (citing *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 259 (3rd Cir. 2016) (cleaned up).

Dobbey's bald assertion that external investigation file #65172 is relevant to his claim is not enough to establish his entitlement to the file. Here, as always, "saying so doesn't make it so...." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir. 2010). "[S]aying so doesn't make it so." *Guerrero v. BNSF Ry. Co.*, 929 F.3d 926, 929 (7th Cir. 2019). It never has. *See also Stromberg Motor Devices Co. v. Zenith Carburetor Co.*, 254 F. 68, 69 (7th Cir. 1918). *Accord Madlock v. WEC Energy Group, Inc.*, 885 F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020)("Notably absent from these allegations, however, is any proposed proof that state actors, not municipal actors, were engaged in this *de facto* discrimination."); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018); *Bowers v. Dart*, 1 F.4th 513, 520 (7th Cir. 2021)("With all of this evidence in mind, we share the district court's conclusion that a rational juror could doubt that Bowers was telling the truth by insisting he could not walk."). "Talk is cheap," *Planned Parenthood of Indiana and Kentucky v. Box*, 949 F.3d 997, 998 (7th Cir. 2019).

5

*See also* An Attorney's Assertions in a motion or brief are not evidence. *See INS v. Phinpathya*, 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984); *Mitze v. Colvin*, 782 F.3d 879, 882 (7th Cir. 2015); *Malik v. Holder*, 546 F. App'x 590, 593 (7th Cir. 2013); *Gross v. Knight*, 560 F.3d 668, 672 (7th Cir.2009).

It may be true that Dobbey complained about Stateville's internal affairs unit sometime before Taylor wrote the purportedly fabricated disciplinary ticket underlying this lawsuit. It also may be true that Dobbey received a letter from Warden Pfister advising that external investigation file #65172 had been opened in response to his complaint. These facts, however, show only that Pfister was aware of the complaint and a file had been opened. The facts do not compel a conclusion that Taylor—who, by Dobbey's account, was one of the subjects of the investigation—was privy to the content of the file or that the identity of the complainant would have been disclosed to Taylor.

Dobbey's desire to obtain IDOC's entire file concerning its investigation into allegations of wrongdoing against internal affairs officers also is not proportional to the needs of this case. Rather, there is a more direct route to establishing Taylor's knowledge of Dobbey's complaints against him: Dobbey says that he complained to a case worker about Taylor the day before the June 18, 2019 interview, and Taylor alluded to the case worker's report during the interview. *See* Dkt. 61, pg. 2-3 (recounting the allegations of Dobbey's complaint). The Court has ordered Taylor to produce any relevant documents. *See* i*d.*, pg. 9.

As to Dobbey's transfer file, the Court previously explained that there is no indication Dobbey's transfer out of Stateville Correctional Center was retaliatory or that Taylor had the authority to transfer Dobbey. *See* Dkt. 61, pg 8. Dobbey identified no facts that compel a different outcome.

A party moving for reconsideration bears a heavy burden. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* That is all Dobbey did here. The motion for reconsideration of the March 20, 2023 Memorandum Opinion and Order is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 5/15/23