IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lester Dobbey (R-16237), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 3762 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| Xavier L. Taylor, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Illinois prisoner Lester Dobbey initiated this *pro se* civil rights action after Stateville Internal Affairs Officer Xavier L. Taylor allegedly filed a bogus discipline report against Dobbey (accusing Dobbey of not cooperating during an investigation) after Dobbey reported to a Stateville case worker that Taylor was involved in gang-related activities. Dobbey was found not guilty of the accusations levied by Taylor, and this lawsuit followed.

Discovery as to new matters formally was closed on March 30, 2023. Dkt. 43. But Defendant's compliance with Dobbey's written discovery requests remains an ongoing issue.

On July 25, 2023, the Court ordered Defendant Taylor, IDOC,[1] and their counsel to produce:

1. "any documents or communications (in any form and in any database, filing cabinet, desk drawer, department-issued device, personal device, or anywhere else discoverable by Defendant Taylor or IDOC) created by Graves, received by Graves, or sent to or from Graves that concern Dobbey or any complaints made by Dobbey or conversations with Dobbey between June 1, 2019 and June 30, 2019, without limitation to subject matter";

---

[1] IDOC is not a party to this lawsuit, but Dobbey issued two subpoenas to IDOC. *See* Dkt. 51. The attorney who responded to the subpoenas—Maxwell Fugere—was the same attorney who filed an appearance on behalf of Defendant Taylor and remains an attorney of record for Taylor. *See* Dkt. 51 at pp. 21-22 (IDOC resp. to subpoena signed by Maxwell Fugere); Dkt. 17 (Att'y App. for Taylor filed by Maxwell Fugere). IDOC has not separately participated in discovery since responding to the third-party subpoenas.

2. "any documents or communications (in any form in any database, filing cabinet, desk drawer, department-issued device, personal device, or anywhere else discoverable by Defendant Taylor or IDOC) created by Defendant Taylor, received by Taylor, or sent to or from Taylor that concern his interview with Dobbey on June 18, 2019, or events precipitating the interview";

3. "a statement by Defendant Taylor, in writing and under oath, explaining what information he was aware of and/or what information was conveyed to him about the reasons for interviewing Dobbey on June 18, 2019, including but not limited to what documents or other information he reviewed before the interview";

4. "a statement by Commander Magana, in writing and under oath, explaining what information he conveyed to Taylor and what documents he provided to Taylor when he directed Taylor to interview Dobbey";

5. "a statement by an appropriate individual, in writing and under oath, identifying Commander Magana's title and responsibilities in June 2019, including Magana's responsibilities, if any, as to 'external investigation file #65172' or any documents contained in 'external investigation file #65172'";

6. "a statement by an appropriate individual, in writing and under oath, attesting to whether Taylor had access to 'external investigation file #65172' before interviewing Dobbey on June 18, 2019, and if Taylor did have access to the file, a log of the date on which he accessed the file and the documents he reviewed"; and

7. "ESI responsive to search terms to be provided at a later date."

Dkt. 84 at pp. 3-4.

The Court instructed that, if Defendant Taylor, IDOC, or counsel asserted privilege over any of the requested material, they must submit a privilege log that includes enough detail for this Court to assess their assertion of privilege. *Id.* at 4. The Court also ordered defense counsel to provide this Court a courtesy copy of the items produced to Dobbey. *Id.* at 3. All this was to be done by September 22, 2023. Dkt. 96.

Defense counsel subsequently delivered a stack of documents to the Court. The stack of documents does not neatly correspond to the categories of documents identified in the July 25, 2023 Order. Instead, the documents appear to be the results of an internal investigation by "N.

2

Moody" into Dobbey's allegations that some IDOC guards are gang members. Some of the documents also suggest that Defendant Taylor might have been aware of Dobbey's complaints about Taylor before Taylor issued the disciplinary ticket that led to this lawsuit. It therefore appears that the documents (or at least some of them) should be turned over to Dobbey, but it seems unlikely that they were produced to him given the sensitive nature of some of the information contained in the documents.

It also is unclear why the documents were delivered to the Court. Perhaps defense counsel seeks "in camera" review, but that is only my speculation because "in camera" review was not requested. Defense counsel also did not include an explanation of why the documents were delivered here, and the reason is not readily apparent.

Oddly, neither Defendant Taylor nor IDOC have identified any statutory provisions or claims of privilege that might prevent disclosure of the documents to Dobbey. They also do not explain what is to be done with the documents despite the documents' obvious importance and sensitivity to matters of prison safety and security. It is not the job of a court to do the work of counsel. See for example the discussion in *Minemyer v. R-Boc Representatives, Inc.,* 695 F. Supp. 2d 797, 802-803 (N.D. Ill. 2009).

In light of the complex and sensitivity nature of the documents received by the Court, as well as the unresolved issue of whether Defendant Taylor and IDOC have fully complied with the July 25, 2023 Order, the Court believes it necessary to reopen discovery and recruit court-appointed counsel to assist Dobbey. Counsel will be recruited to assist Dobbey with discovery only. He or she may, among other things, review discovery produced to date, reissue written discovery if necessary, and take depositions if he or she determines the depositions are essential.

A final word: After carefully reviewing the very lengthy materials turned over to the Court, without explanation of their contents or even whether they are to be treated in a confidential way, I have concluded that there is information in the documents that should not be disclosed in discovery without significant restriction, and many of the documents should not be disclosed directly to an incarcerated person. That does not mean the material should play no role in the case. This dilemma can best be resolved after counsel for Dobbey has filed an appearance in this case. The material can then be turned over to counsel under seal and "for attorney's eyes only." How the documents will be handled after that will be for counsel and the Court to resolve after further consideration.

## Conclusion

The status hearing scheduled for October 4, 2023, at 8:30 a.m. is cancelled. Discovery is reopened. An order recruiting counsel to assist Dobbey with discovery in this case will issue separately. The Court will set a date for the next status hearing in the order recruiting counsel.

As the Seventh Circuit has reminded courts and counsel alike, courts are not "archaeologists" searching for treasures in the record. *Jeralds ex rel. Jerals v. Astrue*, 754 F. Supp. 2d 984, 985 (N.D. Ill. 2010) (citing *DeSilva v. DiLeonardi*, 181 F.3d 865, 867 (7th Cir. 1999)). The transmission of several hundreds of pages of material to the Court with no explanation improperly seeks to impose an obligation on the Court (unexplained at the time of transmission or to date) that the Court simply cannot accept.

Date: 10/3/23

_____
United States Magistrate Judge