PC SCAN
FILED 4/18/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
MEN

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LESTER DOBBEY, )
Plaintiff, )
)
v. ) CASE NO. 21-CV-03762
)
XAVIER TAYLOR, ) Judge Andrea Wood
MICHAEL MAGANA, )
DARWIN WILLIAMS, )
JOHN DOE (P426MX0145750), )
Defendants. )

## MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff, LESTER DOBBEY, pursuant to Federal Rules of Civil Procedure 59(e), respectfully moves this Court to alter or amend its March 31, 2025 ORDER [145], and GRANT LEAVE to add MICHAEL MAGANA and JOHN DOE as Defendants.

IN Support Thereof:

1. On August 27, 2024 Plaintiff moved for leave to file an Amended Complaint to add new defendants and cure deficiencies in his Original Complaint.

2. Plaintiff sought leave to add allegations against Michael Magana, Darwin Williams, and an unidentified John Doe.

3. On March 31, 2025 this Court denied Plaintiff's Motion for Leave to File an Amended Complaint [145], quote,

> "Because Dobbey's claims against new Defendants are plainly time-barred, the Court denies Dobbey leave to amend the complaint to add those defendants because doing so would be Futile. Also Futile is Dobbey's request for Injunctive Relief, given that he has been transferred out of Stateville, and claims in both his original and proposed amended complaint are asserted only against Stateville Personnel." [145, pg. 4]

4. This motion to Alter or Amend timely follows the above order.

5. For the purposes of this motion, Plaintiff will concede as time-barred the allegation of Deliberate Indifference against Darwin Williams, relating back to grievances filed by Plaintiff in May of 2019. Notwithstanding any new and additional information that may come to light that was unknown by Plaintiff at the time of seeking leave to Amend Complaint. [133].

6. The basis of this motion is to move this Court to allow allegations against Michael Magana and John Doe, as being timely alleged in Plaintiff's Motion for Leave to Amend Complaint [133], [133-1], where amendment would not be futile.

7. In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. Thus, a Section 1983 claim in a United States District Court in Illinois must be filed within two years of the accrual of the claim. A claim accrues for statute of limitations purposes when a plaintiff knows of the fact and cause of an injury. Amin Ijbara Equity Corp. v. Vill. of Oak Lawn, 860 F.3d 489, 493 (7th Cir. 2017).

8. Because "the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application," federal courts must "also borrow the State's tolling rules--including equitable tolling doctrines." See, Smith v. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1992).

9. In this case, the relevant tolling statute, states:

"When the commencement of an action is stayed by an injunction, order of court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time for the commencement of the action." See, 735 ILCS 5/13-216.

10. There can be no question that a federal court applying Illinois law, must toll the statute of limitations if a "statutory prohibition" exist that prevents a plaintiff's cause of action. In this case, a "statutory prohibition existed," where the Prison Litigation Reform Act ("PLRA")

requires Exhaustion of Administrative Remedies prior to filing suit under § 1983. See, 42 U.S.C. § 1997e(a)(2000). And according to the statute:

> "No action shall be brought with respect to prison conditions in any jail, prison, or other correctional facility until such Administrative Remedies as are available are exhausted." Id. § 1997e(a).

11. Tolling Statutes are designed to avoid a "Procedural Catch-22," in which a statute or court order prevents a potential Plaintiff from properly filing a cause of action. Doe v. Bobbitt, 698 F.Supp. 1415, 1419 (N.D. Ill. 1988); also see, Board of Education v. Wolinsky, 842 F.Supp. 1080, 1085 (N.D. Ill. 1994).

12. In this instant matter, Mr. Dobbey's limitations period was tolled, while he as a prisoner completed the Administrative Grievance Process within IDOC. Within the Plaintiff's Amended Complaint, Plaintiff alleged in paragraph #45, quote, "On September 27, 2023, Mr. Dobbey filed a Grievance to the ARB. The ARB responded on October 23, 2023." [133-1, ¶ 45].

13. Specifically, Plaintiff filed his grievance on September 27, 2023 against potential Defendant Michael Magana, quoting, "I recently learned early this month, approximately 9/2/23, that Deputy Commander, Michael Magana, ordered or advised Stateville C.C. Lieutenant Xavier Taylor, on June 18, 2019 to write me a Disciplinary

Ticket, as a act of Retaliation based upon False communications between the two, via, E-mails." (Exhibit-A)(Ex.B).

14. On October 23, 2023, the ARB, replied to Plaintiff's 9/27/23 Grievance, which was required under the PLRA, for the Statute of Limitations to accrue and expiring on October 23, 2025 — (Two years from ARB Response date).

15. The Statute of Limitations for claims against Michael Magana began to run September 2, 2023 when Plaintiff learned of his unlawful acts against him. The time to file to the Court was tolled September 27, 2023 when Plaintiff filed his Grievance against Magana. The time to file to the Court resumed on October 23, 2023, specifically, once Plaintiff's Grievance was exhausted.

16. Failure to exhaust is an Affirmative Defense for which the Defendants carry the Burden of Proof. Hernandez v. Dart, 814 F.3d 836, 840 (7th Cir. 2016). To meet this Burden, the Defendants must show beyond dispute that Remedies were all available. Id. The only limit of § 1997e(a)'s mandate is one baked into its text: An Inmate need exhaust only such administrative remedies as are 'Available'". Wallace v. Baldwin, 55 F.4th 535, 542 (7th Cir. 2022).

17. Plaintiff claims against Michael Magana is not barred by the two-year Statute of limitations, because Plaintiff's claims against him did not accrue until September 2, 2023. Plaintiff's claim was timely and

not futile in the proposed Amended Complaint.

18. The same principles respectfully applies for Plaintiff's claims against potential Defendant John Doe. Plaintiff learned of John Doe's acts September 2, 2023 through Discovery Production of E-mail links of Defendant Taylor. The email link does not specifically identify John Doe (P426MX0145750), as being an IDOC Official, therefore Plaintiff has not filed a Grievance against John Doe. Therefore, if John Doe (P426MX0145750) is not an IDOC Official, Plaintiff's claims are still timely because the claims were presented within the 2-year accrual date of September 2, 2023.

19. However, if it is learned that John Doe is an IDOC Official, Plaintiff claims will not have accrued until the identity of John Doe (P426MX0145750) is also revealed and Plaintiff is able to likewise exhaust his Administrative Remedies.

20. The PLRA "does not invite prison and jail staff to pose guessing games for prisoners." See, Hill v. Snyder, 817 F.3d 1037, 1040 (7th Cir. 2016).

21. Defendant Taylor know exactly who John Doe (P426MX0145750) is and should be able to identify the name and job description.

22. For these reasons, this Court should allow the claims against potential Defendants Michael Magana and

John Doe (P426MX0145750), to survive and allow the Amended Complaint in this regard. For amendment would not be futile, and is timely.

23. For the purpose of Injunctive Relief this Court found that, "Given Mr. Dobbey has been transferred out of Stateville, the claims in both his original and proposed amended complaint are asserted only against Stateville Personnel." (Dkt. 145, pg. 4).

24. However, Plaintiff's Request for Injunctive Relief to securely house Mr. Dobbey in one of its STG-Free Facilities or Kewanee, was premised upon both IDOC Personnel and other IDOC Prisoners. (Dkt. #1, ¶  ) and (Dkt. 133-1, ¶ 9-11). Therefore, before this Court deemed Plaintiff's Request for Injunctive Relief "Futile", it should have allowed the Request for Injunction to be fully briefed.

25. As this Court is well aware that Stateville Correctional Center's Living Quarters were closed and the Inmates transferred throughout Illinois based upon this Court granting Injunctive Relief in one of Mr. Dobbey's former cases before this Court: Dobbey v. Weilding, No. 13-CV-1068 (N.D.Ill.), Stateville C.C. Staff being misplaced or reassigned to Stateville C.C. (N.R.C) Northern Reception Center, a threat to Plaintiff's physical safety still exist.

26. Under Rule 59(e), a party may move to alter or amend a Judgment within 28 days of the entry of Judgment. A Rule 59(e) motion may be granted only if

A party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error of law" is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000)(quoting, Sedrak v. Callahan, 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)).

27. In this instant matter Mr. Dobbey "clearly establishes a manifest error of law and fact" warranting him relief. In doing so, Mr. Dobbey has demonstrated that (1) the PLRA applies to this case because he is a prisoner; (2) he has exhausted his administrative remedies regarding Michael Magana; (3) Equitable Tolling applies where Mr. Dobbey was required to exhaust his remedies prior to amending his complaint to add as a defendant Michael Magana; (4) The Amended Complaint was filed within the 2-years after learning of Michael Magana and John Doe; and, (5) The Amended Complaint is Timely.

28. Accordingly, this Court should alter or amend its March 31, 2025 - ORDER [145], and allow the claims against ~~Defendants~~ Michael Magana and John Doe to proceed, along with the conspiracy claim, for the proposed Amended Complaint is not at all futile.

29. This motion is made in good-faith and not for the purposes of delay.

30. ~~Defendants~~ will not be unduly prejudiced with this Court granting this motion. However, Plaintiff will be prejudiced if denied.

## CONCLUSION

WHEREFORE, Plaintiff, Lester Dobbey, respectfully asks this Honorable Court to GRANT this motion in FULL.

Respectfully,

/s/ *[signature]*
Lester Dobbey
(Plaintiff)

Lester Dobbey #R16237
Danville Correctional Center
3820 East Main Street
Danville, IL 61834

# EXHIBIT A

# ILLINOIS DEPARTMENT OF CORRECTIONS
## Offender's Grievance

| Date: 9/27/23 | Offender (please print): LESTER DOBBEY | ID #: R16237 | Race (optional): HUMAN |
|---|---|---|---|
| Present Facility: DANVILLE C.C. | | Facility where grievance issue occurred: Stateville C.C. | |

**Nature of grievance:**
- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report
- [ ] Mail Handling
- [ ] Dietary
- [ ] Other (specify): _____
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [ ] Restoration of Sentence Credit

Date of report _____  Facility where issued _____

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

- Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
- Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
- Chief Administrative Officer, only if EMERGENCY grievance
- Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I recently learned early this month, approximate 9/2/23, that Deputy Commander, Michael Magana, ordered, or advised Stateville C.C. Lieutenant Xavier Taylor, on June 18, 2019 to write me a disciplinary ticket, as a act of retaliation, based upon false communications between the two, via, e-mails.

[ ] Continued on reverse

**Relief Requested:** Want Deputy Commander Michael Magana suspended without pay for conspiring with Lt. Xavier Taylor to write me a false disciplinary ticket.

[ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[x] Check if this is NOT an emergency grievance.

_(Offender's Signature)_  ID# R16237  Date 9/27/23

(Continue on reverse side if necessary)

**Counselor's Response (if applicable)** Date Received: _____  [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name _____ Sign Counselor's Name _____ Date _____

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance office.

**EMERGENCY REVIEW:** Date Received: _____

Is this determined to be of an emergency nature?
- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure.

Chief Administrative Officer's Signature _____ Date _____

**RECEIVED**
OCT 02 2023
ADMINISTRATIVE REVIEW BOARD

# Illinois Department of Corrections

## Administrative Review Board
## Return of Grievance or Correspondence

Offender: Dobbey, Lester    MI: ___    ID#: R16237

Facility: Danville

☐ Grievance: Facility Grievance # (if applicable) _____ Dated: 9/27/23  or  ☐ Correspondence: Dated: _____
Received: 10/2/23  Regarding: Staff conduct on Dr Written on 6/18/20??

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**
- ☐ Provide your original written Offender's Grievance, DOC 0046, including the counselor's response, if applicable.
- ☐ Provide a copy of the Response to Offender's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.
- ☐ Provide dates when incidents occurred.
- ☐ Unable to determine nature of grievance or correspondence; submit additional specific information. Please return the attached grievance or correspondence with the additional information requested to: Administrative Review Board, Office of Inmate Issues, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**
- ☐ Contact your correctional counselor or Field Services regarding this issue.
- ☐ Request restoration of Statutory Sentence Credits to Adjustment Committee. If the request is denied by the facility, utilize the offender grievance process outlined in Department Rule 504 for further consideration.
- ☐ Contact the Record Office with your request or to provide additional information.
- ☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.
- ☐ Address concerns in a letter to: Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL 62706

**No further redress:**
- ☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.
- ☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.
- ☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.
- ☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.
- ☐ This office previously addressed this issue on _____ Date
- ☐ No justification provided for additional consideration.

**Other** (specify): _____

Completed by: RYAN A. KILDUFF    Signature: [signed]    Date: 10/23/23

Distribution: Offender, Inmate Issues

Printed on Recycled Paper

DOC 0070 (Rev. 3/2018)

# EXHIBIT B

STATE OF ILLINOIS    )
                     )SS
COUNTY OF VERMILLION )

### AFFIDAVIT

I, LESTER DOBBEY, do hereby declare and affirm that the following information within this affidavit is true and correct in substance and in facts.

In a small discovery package I received from IDOC Clinical Service Staff Claire Mullis, I received some e-mail communications that were between IDOC Lieutenant Xavier Taylor and Deputy Commander Michael Magana, for this civil case captioned: Dobbey v. Taylor, No. 21-CV-03762 (N.D.Ill.), on or about September 2, 2023, after learning of the communications I filed a grievance against Magana on September 27, 2023 directly to the IDOC Administrative Review Board, as required pursuant to the Grievance Instructions.

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/1-109, I declare under penalty of perjury that everything contained herein is true and correct to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 18th day of April 2025.

_____
Affiant